UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELENILSON COTO DELGADO,

Petitioner,

v.

PAMELA BONDI et al.,

Respondents.

CASE NO. 2:26-cv-00407-JHC

ORDER

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order. Dkt. # 2. The Court has reviewed the Motion, pertinent portions of the record, and the applicable law. For the reasons below, the Court DENIES the motion without prejudice.

Petitioner seeks a temporary restraining order (TRO) preventing his removal to El Salvador. District courts may grant a TRO "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, a petitioner must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,

ORDER - 1

240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction).  In the Ninth Circuit, a petitioner can also receive a TRO by showing that there are "serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, it appears that a TRO is not warranted at this time.  While Petitioner has shown that there are "serious questions going to the merits" of his prolonged detention, he has not alleged that his removal is imminent.  Without an alleged imminent removal, the Court sees no likelihood of suffering irreparable harm or threat to maintaining the status quo during the pendency of Petitioner's habeas petition.

Accordingly, the Court DENIES Petitioner's Motion (Dkt. # 2) without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 2