UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELENILSON COTO DELGADO, | CASE NO. 2:26-cv-00407-JHC |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI et al., | |
| Respondents. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Petitioner Elenilson Coto Delgado's Petition for Writ of Habeas Corpus. Dkt. # 1; *see also* Dkt. ## 6, 12. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the Petition. Dkt. # 1.

**II**

**BACKGROUND**

Petitioner is a 50-year-old native and citizen of El Salvador. Dkt. # 15 at 1; Dkt. # 12 at 5. He entered the U.S. as a child at an unknown time and location. Dkt. # 15 at 1; Dkt. # 12 at 2. Petitioner left the U.S. in 2012 after multiple criminal convictions. Dkt. # 15 at 2. It is unknown

ORDER - 1

when Petitioner returned to the U.S., but in 2013, he was arrested in the U.S., subsequently convicted, and ultimately re-detained and removed to El Salvador again.  Dkt. # 15 at 3; Dkt. # 12 at 6.

Although Petitioner says he was never a formal gang member, Petitioner has extensive tattoos on his body and head some of which include terms associated with the gang MS-13.  Dkt. # 12 at 5-6.  Petitioner says that after his removal he faced retributory violence in El Salvador because of these tattoos.  Dkt. # 12 at 2, 5-6.

In 2019, Petitioner applied for admission into the U.S. and claimed fear of removal to El Salvador and was referred for a credible fear interview.  Dkt. # 15 at 3.  Petitioner has an exhaustive history before the immigration court and Ninth Circuit with multiple denied bond hearings and frequent orders for stay being granted and lifted.  *See* Dkt. # 15 at 4-6.  Relevant here, Petitioner was ordered removed to El Salvador on June 15, 2020, after an immigration judge denied his asylum, withholding of removal, or protection under the Convention Against Torture (CAT) application.  Dkt. # 15 at 4-6.  Petitioner brought a motion to reopen before the Board of Immigration Appeals (BIA) based on evidence of changed country conditions in El Salvador.  Dkt. # 12 at 8.  The BIA denied the motion and Petitioner's appeal of this denial is pending before the Ninth Circuit (*Coto Delgado v. Bondi*, Case No. 25-5254).  Dkt. # 12 at 8. The Ninth Circuit lifted his stay removal on January 29, 2026.[1]  Dkt. # 15 at 4-6.

Petitioner was transferred to the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington on September 17, 2024, and has been detained there since.  Dkt. # 15 at 6.  Recently,

---

[1] This is Petitioner's fourth appeal to the Ninth Circuit as his three previous Petitions for Review were dismissed.  *See Coto Delgado v. Bondi*, No. 24-607, 2025 WL 1409482 (9th Cir. May 15, 2025); *Coto v. Garland*, No. 22-984, 2023 WL 4540544 (9th Cir. July 14, 2023).  The case number for the third appeal was not provided by either party.  In the ongoing appeal, Petitioner's Opening Brief is due March 18, 2026, and therefore, a decision is unlikely soon.  Dkt. # 12 at 36.

ORDER - 2

Petitioner has provided evidence indicating that he is a citizen of Mexico, which the Mexican consulate has not yet confirmed. *Id.*; Dkt. # 12 at 4.

Petitioner is also a member of the *Franco-Gonzalez* class, meaning he was found not competent and was appointed a Qualified Representative (QR) to represent him in his removal proceedings. Dkt. # 15 at 4. Because he is a *Franco-Gonzalez* class member, any removal must be coordinated with his QR. Dkt. # 15 at 5.

### III
#### DISCUSSION

Petitioner raises multiple claims for relief. He says that under the Fifth Amendment Due Process clause his removal to El Salvador is unconstitutionally punitive and that the current detention center conditions along with his prolonged detention violate due process.[2] Dkt. # 12 at 32-45. Petitioner further requests that if the Court finds release is not appropriate, then the Court order the government to remove Petitioner to Mexico with an order requiring he be returned if his appeal before the Ninth Circuit is successful. Dkt. # 12 at 45-47.

As Petitioner acknowledges, "returning non-citizens to countries where they face the risk of human rights abuses is a matter to be redressed through the asylum process and requests for CAT in immigration courts." Dkt. # 12 at 34. Petitioner cites no authority, and the Court is unaware of none, that would allow the Court to have jurisdiction over Petitioner's asylum and CAT claims, especially as here, where the exact question raised was brought before the BIA and is pending before the Ninth Circuit. In this case, the Court cannot prevent Petitioner's removal to El Salvador.

---

[2] Petitioner also brings his claims under the Eight Amendment, but as both parties agree, the Eighth Amendment does not apply to civil confinement, and the Court need not discuss it here. *See* Dkt. # 16 at 4; Dkt. # 14 at 9; *but see Doe v. Kelly*, 878 F.3d 710, 715 (9th Cir. 2017) ("Conditions of confinement that violate the Eighth Amendment will necessarily violate the Fifth Amendment").

ORDER - 3

Similarly, Petitioner provides no legal authority for this Court to order Petitioner's removal to Mexico where Petitioner's removal order is to his country of citizenship—El Salvador.[3]  Dkt. # 15 at 2.  In the case Petitioner cites, the petitioner was not a native and citizen of El Salvador.  *See Nguyen v. Scott*, 796 F. Supp. 3d 703 (W.D. Wash. 2025).  Further, the country a non-citizen is removed to is enumerated and guided by statute, and Petitioner does not allege a violation of that stature nor does the Court find one.  *See* 8 U.S.C. 1231(b).  The government has inquired with Mexico as to Petitioner's citizenship and "ICE is considering potential removal to Mexico, if Mexico is willing to receive Petitioner" and the only alternative they are considering is Petitioner's home country.  Dkt. # 14 at 6.  There is no relief the Court can grant with these present facts.

Finally, Petitioner has not shown that he is entitled to release under the Fifth Amendment due process clause or for indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Even assuming Petitioner can request immediate release because of the conditions present in detention facilities, Petitioner does not allege any facts particular to himself or even NWIPC (aside from delayed food delivery) showing that his detention is unconstitutionally punitive.  *See* Dkt. # 12 at 35-45.  As to his prolonged detention, Petitioner has had multiple bond hearings, and an immigration judge has found Petitioner to be a danger to the community or flight risk.  Dkt. # 15 at 4.  The Court does not find Petitioner is entitled to habeas relief based on indefinite detention or the conditions of his detention.[4]

---

[3] Nor does Petitioner cite legal authority for this Court to "order Respondents to facilitate [Petitioner's] return to the United States if he prevails before the Ninth Circuit or agency," even though, according to Petitioner, the government's facilitation of return policy has been in effect since 2012.  Dkt. # 12 at 45-46, 49.

[4] Petitioner has not provided authority for this Court to consider the alleged violation of petitioners' rights to a fair proceeding because of the recent changes in the immigration courts.  Dkt. 12 at 25-30, 38-40.  This is not to say petitioners could not bring similar claims, but most of Petitioner's immigration proceedings occurred before this change and there is no showing that this has affected Petitioner's immigration proceedings or detention.  Thus, the Court need not consider this argument.

ORDER - 4

## IV

### CONCLUSION

For these reasons, the Court denies Petitioner's Writ of Habeas Corpus.[5]

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of February, 2026.

John H. Chun
United States District Judge

---

[5] Also, for these reasons, the Court need not consider Petitioner's request for judicial notice.

ORDER - 5